
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CURIEL, | No. 08-55745 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02008-AHM-E |
| v. | |
| JAMES WALKER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted February 7, 2011[**]
Pasadena, California

Before: HAWKINS and FISHER, Circuit Judges, and ZOUHARY, District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jack Zouhary, District Judge for the U.S. District Court for Northern Ohio, Toledo, sitting by designation.

Petitioner-appellant Jose Curiel appeals from the judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely filed. Curiel argues the one-year statute of limitations ran on March 20, 2007, making his petition, signed on March 13, 2007, timely filed. He also argues he is entitled to equitable tolling for the alleged failure of his state appellate counsel to inform him of the deadline for filing a federal habeas petition.

1.     The district court properly determined that January 10, 2006 was the filing date of the California Court of Appeal's decision, and not, as Curiel insists, February 7, 2006. Although the court of appeal's docket at one time indicated that its decision was entered on February 7, Curiel has not alleged, or submitted any evidence, that he actually relied on that docketing error. Nor would such reliance have been reasonable, because the docket reflected in two other places the correct date of January 10. Furthermore, the docket contains an entry indicating that the court sent Curiel a copy of the decision in January 2006, and that copy would have been stamped with the correct filing date of January 10.

2.     The district court also properly concluded that Curiel's claim was not subject to equitable tolling, which should only be granted if a petitioner can establish both "(1) that he has been pursuing his rights diligently, and (2) that some

2

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Curiel has not demonstrated the first requirement. Except for retaining counsel in early March 2007, Curiel made no attempt to diligently pursue his rights. He did not, for example, contact his appellate counsel to obtain a status update on his appeal or to discuss the state court of appeal's decision affirming his conviction, which the docket shows was sent directly to him. Curiel therefore cannot avail himself of equitable tolling and we need not consider whether appellate counsel's performance constituted an "extraordinary circumstance."

**AFFIRMED.**